UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDITH SKIBA                                    CIVIL ACTION

VERSUS                                          NO. 13-5693

JACOBS ENTERTAINMENT, INC. ET AL.               MAGISTRATE JUDGE
                                                JOSEPH C. WILKINSON, JR.

## ORDER ON MOTION

In this pro se employment discrimination action, plaintiff, Judith Skiba, alleges that defendant Jacobs Entertainment Inc. ("Jacobs"), her former employer, and defendant Pam Stuart, her former supervisor, discriminated against her based on her race (Caucasian) and retaliated against her for engaging in protected activity, in violation of Title VII.  42 § U.S.C. 2000e et seq.  Complaint, Record Doc. No. 1.

A.    Factual and Procedural Background

Plaintiff alleges in her complaint that she began her employment with Jacobs on October 18, 2012, working as a casino host at Cash Magic Casino and Truck Plaza ("Cash Magic").  As a casino host, Skiba was required to provide change and beverages to customers playing slot machines.  Skiba alleges that, in November 2012, General Manager Pam Stuart informed her that Cash Magic was short-staffed and asked her to work in the casino's restaurant and convenience store. Skiba states that she agreed and received two days of training in the restaurant and one week of training in the convenience store.

Skiba alleges that, while she was working in the restaurant, she "suffered a great deal of criticism from other employees," who told her "she couldn't do anything, or she was a dummy, and she did not know much."  Record Doc. No. 1 at p. 2, ¶ 2.  She claims that, sometime thereafter, management stopped assigning her shifts in the restaurant and assigned her to work full time in the convenience store.

Plaintiff alleges that, on December 24, 2012, she called the Jacobs Entertainment, Inc. employee hotline and complained of racial discrimination.  She complained that Stuart, an African American, had scheduled "Bridgt [sic]," id., an African American employee, for two <u>weeks</u> of training in the restaurant, while Skiba had only received two <u>days</u> of training.  Skiba alleges that she was fired two weeks later for allegedly making inappropriate comments to a customer.

On April 15, 2013, Skiba filed a charge of race discrimination and retaliation against Cash Magic with the Equal Employment Opportunity Commission ("EEOC").  The charge is attached to her complaint.  <u>Id.</u> at p. 9.

Stuart filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Skiba failed to exhaust her administrative remedies because plaintiff did not file an EEOC charge against Stuart personally.  Stuart also argues that she was not plaintiff's employer and therefore is not a proper defendant under Title VII.  Record Doc. No. 12.

Skiba filed a timely memorandum in opposition.  Record Doc. No. 15.  She contends that her complaint complies with Fed. R. Civ. P. 8 and that Stuart has not supported her motion to dismiss with any materials showing that plaintiff's factual allegations are incorrect.  Plaintiff argues that Stuart, as general manager of Cash Magic, was an agent of Jacobs with the authority to hire and fire employees.  Skiba asserts that, "[i]n exercising 'Respondeat Superior,' an Employer's liability for co-worker would be govern[ed] by proof of  negligence and unreasonable failure to Company's policy."  Id. at p. 2.  She also contends that Stuart and Jacobs should be considered one entity for purposes of Title VII liability.

All parties to this action have consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Record Doc. No. 22.

B.     Standards of Review

Fed. R. Civ. P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.  The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."

3

Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 796 (5th Cir. 2011) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544 (2007))).

      "The Supreme Court's decisions in Iqbal and Twombly . . . did not alter the long-

standing requirement that when evaluating a motion to dismiss under Rule 12(b)(6), a

court must 'accept[ ] all well-pleaded facts as true and view[ ] those facts in the light

most favorable to the plaintiff.'" Id. at 803 n.44 (quoting True v. Robles, 571 F.3d 412,

417 (5th Cir. 2009)) (internal quotation omitted).

      The Rule 12(b)(6) analysis is generally confined to a review of the complaint and

its proper attachments. Walch v. Adjutant Gen.'s Dep't, 533 F.3d 289, 293 (5th Cir.

2008).  Contrary to plaintiff's argument, Stuart is not required to attach any supportive

materials to her Rule 12(b)(6) motion to dismiss.  Stuart's motion addresses only the

sufficiency of the allegations of the complaint as a matter of law, not whether the

allegations are true.  Thus, for purposes of the motion, the court accepts "'all well-

pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs.'"

Jabary v. City of Allen, No. 12-41054, 2013 WL 6153241, at *3 (5th Cir. Nov. 25, 2013)

(quoting Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008)).  "With

respect to any well-pleaded allegations 'a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.'" <u>Id.</u> (quoting <u>Iqbal</u>, 556 U.S. at 664).

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." <u>Hernandez v. Ikon Office Solutions, Inc.</u>, 306 F. App'x 180, 182 (5th Cir. 2009); <u>accord</u> <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 329 (5th Cir. 2002).

However, that general rule does not apply if the proposed amendment would be futile. <u>Townsend v. BAC Home Loans Servicing, L.P.</u>, 461 F. App'x 367, 372 (5th Cir. 2011); <u>Jaso v. The Coca Cola Co.</u>, 435 F. App'x 346, 351-52 (5th Cir. 2011) (citing <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 466 (4th Cir. 2007); <u>Jones v. Alcoa, Inc.</u>, 339 F.3d 359, 366 (5th Cir. 2003); 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1357 at 714-21 (3d ed. 2004)).

Allowing Skiba to amend her complaint in the instant case would be futile because she has no cause of action as a matter of law under Title VII against Stuart individually.

C.     <u>Stuart May Not be Held Liable Individually Under Title VII</u>

Stuart argues that she is not a proper defendant in this action because Title VII applies only to employers, not to individual supervisors.  I find that Skiba cannot state a claim against Stuart under Title VII because the law is clear that Stuart in not an employer under the statute.

It is well established in the Fifth Circuit that

[o]nly "employers" can be liable under Title VII.  An "employer" includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks . . . ."  The Fifth Circuit has specifically found that "[i]ndividuals are not liable under Title VII in either their individual or official capacities."

Murungi v. Touro Infirmary, No. 11-1823, 2012 WL 1014811, at *3 (E.D. La. Mar. 21, 2012) (Milazzo, J.) (quoting 42 U.S.C.A. § 2000e(a); Ackel v. Nat'l Commc'ns, Inc., 339 F.376, 382 n.1 (5th Cir. 2003)) (citing 42 U.S.C.A. § 2000e(b); Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994); Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002)) (emphasis added); accord Muthukumar v. Kiel, 478 F. App'x 156, 158 (5th Cir. 2012); Baldwin v. Layton, 300 F. App'x 321, 323 (5th Cir. 2008).

Plaintiff argues that Stuart is a proper defendant because Stuart is an agent of Jacobs.  "The Court disagrees.  A plaintiff may not maintain a Title VII claim against both his employer and the agents or employees of his employer.  Thus, to the extent that Plaintiff is asserting claims against [Stuart] . . . under Title VII, the Court finds that they are not legally cognizable."  Franklin v. City of Slidell, 936 F. Supp. 2d 691, 703 (E.D. La. 2013) (Barbier, J.) (citing Ackel, 339 F.3d at 382 n.1; Smith, 298 F.3d at 449; Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999)).

Skiba's citation to Hamilton v. Rodgers, 791 F.3d 439 (5th Cir. 1986), abrogated by Harvey v. Blake, 913 F.2d 226 (5th Cir. 1990), is unavailing.  To the extent that

Hamilton held that a public employee could be held liable individually as an agent for the public employer's violations of Title VII, it has been overruled and no longer states accurate law.  The succession of decisions in Harvey, Grant, Indest, Smith and Ackel have made it clear that no individual, whether an employee of a public or private employer, may be held liable under Title VII.

Skiba is also incorrect to the extent she argues that respondeat superior liability applies to her Title VII claim against Stuart.  The legal concept of respondeat superior renders an employer liable for the actions of its agent/employee.  Although Skiba mentions negligence in connection with respondeat superior liability in her opposition memorandum, her complaint does not assert a claim for relief for negligence or under any theory other than race discrimination and retaliation under Title VII.  Title VII already encompasses respondeat superior liability, but it does not make the employee individually liable under any circumstances.

> While Title VII's definition of the term employer includes "any agent" of an employer, Congress's purpose was merely to import respondeat superior liability into Title VII.  Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity. Under the reasoning of our case law interpreting Title VII, the individual Defendants cannot be liable to [plaintiff] in their individual or official capacities . . . .

Smith, 298 F.3d at 448-49 (citing Indest, 164 F.3d 258 at 262; Grant, 21 F.3d 649 at 652; Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587 (9th Cir. 1993)).

According to plaintiff's complaint, Stuart is an employee of Jacobs.  As a matter of law, Stuart is not an employer for Title VII purposes and Skiba fails to state a claim against her under Title VII.  This "insurmountable bar to relief" under Title VII cannot be cured by amending the complaint.  Murungi, 2012 WL 1014811, at *3.

Because plaintiff cannot state a claim for relief against Stuart individually under Title VII, the court need not address defendant's alternative argument that Skiba failed to exhaust her administrative remedies by filing an EEOC charge against Stuart. Accordingly, defendant's motion is granted and plaintiff's claims against Stuart under Title VII are DISMISSED WITH PREJUDICE.  Her claims against Jacobs remain in the case.

New Orleans, Louisiana, this ____12th____ day of December, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE